UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ADVANTAGE AVIATION SERVICES      Case No:
SWEDEN AB, a foreign corporation

     Plaintiff,

v.

JETPRO INTERNATIONAL, LLC, a
Missouri limited liability company

     Defendant.
_____/

## COMPLAINT

Plaintiff, ADVANTAGE AVIATION SERVICES SWEDEN AB (hereinafter "Plaintiff"), by and through undersigned counsel, and in accordance with the Federal Rules of Civil Procedure, hereby files its Complaint against JETPRO INTERNATIONAL, LLC (hereinafter "JETPRO") and in support thereof, states as follows:

## JURISDICTION AND VENUE

1.    This is an action for damages which exceeds the sum of $75,000.00, exclusive of costs, interests, and attorney's fees. The action is between a citizen of a foreign country and a citizen of the United States and is otherwise within the diversity jurisdiction of this Court pursuant to 28 U.S.C. §1332(a)(2).

2.    Plaintiff ADVANTAGE AVIATION is a Swedish commercial entity with its place of origination and principal place of business in Sweden.

3.    Defendant JETPRO is a Missouri limited liability company with its principal place of business in Arizona. JETPRO is registered to do business in the State of Florida. The agreement

GRIFFIN & SERRANO, PA
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

between the parties that is the genesis of this lawsuit required the parties to seek a resolution of any dispute arising from the agreement to be resolved under the Rules of Conciliation and Arbitration of the International Chamber of Commerce (ICC); however, the arbitration was dismissed as JETPRO never paid the required fees and declined to participate in the arbitration. Accordingly, the claim was withdrawn, and the ICC refunded Plaintiff's portion of the costs of arbitration.

4.      The agreement between the two parties requires New York State choice of law; however, venue is proper in the Southern District of Florida pursuant to 28 U.S.C. §1391 because JETPRO is registered to do business in Florida and has engaged in business in Miami, Florida. More significantly, the Engine was to be delivered and all work pursuant to the Service Agreement attached to the Complaint was to be performed at JETPRO's facility located at 2583 West 6th Lane, Hialeah, Miami-Dade County, Florida 33010. *See ¶ 12 of page 26 to Exhibit "A"*.

5.      Plaintiff has retained the undersigned law firm to represent them in this matter and has agreed to pay their attorneys a reasonable fee for their services herein.

## FACTS APPLICABLE TO ALL COUNTS

6.      On May 16, 2018, Avia Traffic Company LLC, a company formed under the laws of Kyrgyzstan (Kyrgyz Republic), having an address of Panfilova Street # 26, Bishkek City Kyrgyzstan, 720052 ("ATC") and JETPRO herein entered into a certain Aircraft Engine Service Agreement (the "Service Agreement"), a copy of which is attached hereto and made a part hereof as Exhibit "A", with respect to the service by JETPRO of one (1) IAE model V2500-A1 turbojet aircraft engine bearing manufacturer's serial number V0110 (the "Engine"), which engine was owned by ATC.

GRIFFIN SERRANO & EWING, P.A.
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009

7.      ATC, as assignor, and Plaintiff herein, as assignee, entered into a certain Assignment of Rights under Contract dated January 29, 2019, a copy of which is attached hereto and made a part hereof as Exhibit "B" (the "Assignment"), pursuant to which ATC sold, assigned, conveyed and set over unto Plaintiff herein all of ATC's right, title and interest in its cause(s) of action against JETPRO arising out of the Service Agreement.

8.      Pursuant to the Agreement, JETPRO received the amount of Eight Hundred and Fifty Thousand and 00/100 US Dollars (US$850,000.00) from ATC as a deposit.

9.      To date, despite repeated demands and subsequent assurances, JETPRO has refused to deliver the Engine and has refused to return the Eight Hundred and Fifty Thousand and 00/100 US Dollars (US$850,000.00) despite it having no right to withhold these funds.

10.     As a result of JETPRO's failure and refusal to return the funds, Plaintiff has suffered actual damages.

## COUNT I – BREACH OF CONTRACT

11.     Plaintiff reasserts and reincorporates all allegations contained in paragraphs 1-10 as if fully set forth herein.

12.     JETPRO and ATC entered into the Service Agreement to which Plaintiff is an assignee and a Successor in Interest.

13.     All conditions required by the Service Agreement have been performed by ATC and/or the Plaintiff.

14.     JETPRO breached material terms of the Purchase Agreement by failing to deliver the Engine and then failing to return the funds after receiving repeated demands to do so, despite

3

having no contractual or legal right to retain these funds and having expressly agreed to return the funds.

15.     As a direct and proximate cause of JETPRO's breach, Plaintiff has sustained damages, which are ongoing. Damages include monetary damages.

WHEREFORE, JETPRO, requests judgment be entered in its favor awarding monetary damages, interest, attorneys fees and costs and any other relief this Court deems just and proper.

### COUNT II – VIOLATION OF NY CLS GEN. BUS. § 349

16.     Plaintiff reasserts and reincorporates all allegations contained in paragraphs 1-10 as if fully set forth herein.

17.     JETPRO violated the State of New York's Consumer Protection Law (NY CLS Gen. Bus. § 349).

18.     Plaintiff has standing to bring this cause of action under NY CLS Gen. Bus. § 349(h).

19.     JETPRO committed a deceptive and unlawful act in the conduct of business, trade, or commerce by: 1) failing to deliver the Engine and 2) by failing to return the funds despite repeated demands and having no contractual or legal right to these funds.

20.     JETPRO's deceptive and unlawful acts in business, trade or commerce have caused Plaintiff actual damages.

21.     Plaintiff is entitled to attorney's fees and costs for maintaining this action pursuant to NY CLS Gen. Bus. § 349(h).

4

WHEREFORE, Plaintiff requests judgment be entered in its favor awarding: damages, attorney's fees and costs, compensatory damages, and any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff ADVANTAGE AVIATION SERVICES SWEDEN AB hereby demands a trial by jury for all issues so triable.

Respectfully submitted on 31 March 2021.

**GRIFFIN & SERRANO, P.A.**
Attorneys for Plaintiff
707 Southeast 3rd Avenue, Sixth Floor
Fort Lauderdale, Florida 33316
Phone: (954) 462-4002
Fax: (954) 462-4009

*/s/ Andres Millon*

_____
Juan R. Serrano, Esq.
Florida Bar No. 319510
Andres Millon, Esq.
Florida Bar No. 112649

GRIFFIN SERRANO & EWING, P.A.
707 SOUTHEAST 3RD AVENUE, SIXTH FLOOR
FORT LAUDERDALE, FLORIDA 33316, TELEPHONE (954) 462-4002, FACSIMILE (954) 462-4009