United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Advantage Aviation Services Sweden AB, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-21223-Civ-Scola ) |
| JetPro International, LLC, Defendant. | ) ) ) |

### Order Requiring Amended Complaint

Federal courts are obligated to conduct a preliminary examination of the record to determine that jurisdiction exists. *Kelly v. Harris*, 331 F.3d 817, 819 (11th Cir. 2003). In reviewing the record, the Court is uncertain whether it has subject matter jurisdiction over this action.

A party seeking to invoke a federal court's diversity jurisdiction must allege "facts" that show that federal subject matter jurisdiction exists. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013). "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

Although Plaintiff Advantage Aviation Services Sweden AB alleges the Court has diversity jurisdiction, it fails to allege facts fully supporting its contention. First, in the Eleventh Circuit, the citizenship of a limited liability company is determined, for diversity purposes, by the citizenship of all the members composing the entity. *Rolling Greens MHP v. Comcast SCH Holdings, LLC*, 374 F.3d 1020, 1021–22 (11th Cir. 2004). A limited liability company is a citizen of any state of which a *member* is a citizen. *Id.* at 1022. To sufficiently allege the citizenship of a limited liability company, a party must list all the members of the limited liability company along with each member's citizenship. *Id.*

Here, Defendant JetPro International, LLC, is a limited liability company. But, rather than list all the members of JetPro, along with the members' respective citizenships, Advantage Aviation instead avers JetPro "is a Missouri limited liability company with its principal place of business in Arizona." (Compl., ECF No. 1, 1.) This does not allow the Court to identify the citizenship of JetPro. In order to properly identify the citizenship of JetPro, Advantage Aviatio must first list all JetPro's members and then identify each member's citizenship.

Additionally, Advantage Aviation describes itself as "a Swedish commercial entity with its place of origination and principal place of business in Sweden." (*Id.* ¶ 2.) However, from the face of the complaint, the Court is unable to determine whether this "entity" should, for citizenship purposes, be treated like a corporation, proprietorship, partnership, or some other entity entirely. *See, e.g., Carden v. Arkoma Assocs.*, 494 U.S. 185, 189-190 (1990) (pointing out the differences in how various entities are treated for the purposes of assessing diversity jurisdiction). Advantage Aviation must explain what business form it is equivalent to in the United States and then set forth its citizenship accordingly.

Based on the allegations in the complaint, the Court is unable to ascertain whether complete diversity exists. Accordingly, the Plaintiff must file an amended complaint which adequately alleges federal-subject-matter jurisdiction by **April 9, 2021**. If the Plaintiff fails to file an amended complaint by that date or the amended complaint fails to provide the facts necessary to establish jurisdiction, this Court may dismiss this case without prejudice.

**Done and ordered** in Miami, Florida, on April 1, 2021.

Robert N. Scola, Jr.
United States District Judge