United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Advantage Aviation Services Sweden AB, Plaintiff, <br><br> v. <br><br> JetPro International, LLC, Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 21-21223-Civ-Scola <br> ) <br> ) <br> ) <br> ) |

### Order Requiring *Second* Amended Complaint

Previously, the Court ordered Plaintiff Advantage Aviation Services Sweden AB to amend its complaint because its allegations of diversity jurisdiction were lacking. (Ct.'s Order, ECF No. 6.) Among the deficiencies the Court noted were Advantage Aviation's failure to (1) list the members, along with the members' respective citizenships, of Defendant JetPro International, LLC; and (2) allege what type of business entity Advantage Aviation is. In response, Advantage Aviation filed an amended complaint, in which it identifies the sole member of JetPro as a Missouri citizen and explains that Advantage Aviation is equivalent to a limited liability company and has a "sole proprietor" who is a Swedish citizen. (Am. Compl., ECF No. 9.) Despite the amendment, Advantage Aviation's amended complaint still does not allow the Court to assure itself that complete diversity truly exists.

First, Advantage Aviation's citizenship allegations as to JetPro are couched as being presented "upon information and belief." (Am. Compl., ¶ 3.) But "allegations based 'upon information and belief' are not a substitute for establishing jurisdictional facts." *Investissement Yves Auclair, Inc. v. MLM Experts, LLC*, 617CV2131ORL41KRS, 2018 WL 1832867, at *2 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted,* 617CV2131ORL41KRS, 2018 WL 3344549 (M.D. Fla. July 9, 2018). Here, Advantage Aviation's *belief* as to JetPro's membership does not qualify as a "fact" establishing jurisdiction. Instead, this belief relays, at most, Advantage Aviation's mere unverified contention, which is insufficient to satisfy the Court that the requirements of diversity jurisdiction have been met. *See generally*, *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) (reminding district courts that they must "make sure parties satisfy the requirements of diversity jurisdiction [and] be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century").

Additionally, Advantage Aviation explains that its Swedish corporate structure is akin to a limited liability company. (Am. Compl. ¶ 2.) It then

informs Advantage Aviation has a "sole proprietor" who is a Swedish citizen. But allegations regarding ownership or proprietorship do not necessarily "permit the court to conclude that plaintiff and defendants are diverse for purposes of subject matter jurisdiction, because it is *membership*, not ownership, that is critical for determining the citizenship of an LLC." *Post v. Biomet, Inc.*, 3:20-CV-527-J-34JRK, 2020 WL 2766210, at *1 (M.D. Fla. May 28, 2020) (cleaned up) (emphasis added). And, while the Court "acknowledges that the terms 'owner' and 'member' have sometimes been used synonymously with respect to limited liability companies," the "terms are not always interchangeable." *Id.* The Court is, therefore, unsure whether, (1) in addition to being the sole proprietor, that individual is also a member, or (2) there are other individuals and entities who may be members as well. Accordingly, the Court cannot assume that Advantage Aviation's allegations regarding proprietorship necessarily establish membership and, therefore citizenship.

Accordingly, the Court, once again, is unable to ascertain whether complete diversity truly exists. The Court therefore orders Advantage Aviation to file a *second* amended complaint by **April 19, 2021**. This is Advantage Aviation's final opportunity to properly allege the Court's subject-matter jurisdiction. If Advantage Aviation fails to file a second amended complaint by that date or that complaint in any way fails to provide the facts necessary to establish jurisdiction, this Court *will* dismiss this case without prejudice.

**Done and ordered** in Miami, Florida, on April 12, 2021.

Robert N. Scola, Jr.
United States District Judge