United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Advantage Aviation Services Sweden AB, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 21-21223-Civ-Scola ) |
| JetPro International, LLC, Defendant. | ) ) ) |

### Order of Dismissal Without Prejudice

Twice now the Court has dismissed Plaintiff Advantage Aviation Services Sweden AB's complaint because it failed to properly allege diversity jurisdiction. (ECF Nos. 6, 10.) In the Court's most recent order, it cautioned counsel, that if the amended "complaint in any way fails to provide the facts necessary to establish jurisdiction, this Court *will* dismiss this case without prejudice." (Order Requiring 2nd Am. Compl. at 2 (emphasis in original).) Despite that warning, counsel once again failed to set forth the facts required for the Court to assure itself that it has jurisdiction over this case.

In its second amended complaint, Advantage Aviation informs that Defendant JetPro International, LLC has only two members: Kyle Wine and Steve Effertz. (Pl.'s 2nd Am. Compl. ¶ 3, ECF No. 11, 2.) Advantage Aviation then identifies both individuals as being residents of Missouri. But, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, *not* her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Despite *three* attempts to do so, Advantage Aviation has once again failed to properly allege the Court's subject-matter jurisdiction.

In sum, then, Advantage Aviation has repeatedly failed to (1) follow the Court's orders or (2) allege the Court's subject-matter jurisdiction. Accordingly, the Court **dismisses** this case **without prejudice** to Advantage Aviation's filing a new case once it is able to properly allege the Court's jurisdiction. Or, if it chooses, Advantage Aviation can file its case in state court where there is no need to establish diversity jurisdiction. The Court directs the Clerk to **close**

this case. All pending motions are **denied as moot**.

**Done and ordered** in Miami, Florida, on April 20, 2021.

Robert N. Scola, Jr.
United States District Judge